| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Denise Carlon, Esquire<br>KML Law Group, P.C.<br>216 Haddon Avenue<br>Suite 406<br>Westmont, NJ 08108<br>Main Phone: 609-250-0700<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-FM1, Mortgage Pass-Through Certificates, Series 2006-FM1 | <br>**Order Filed on October 1, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey**<br><br>Case No.: 18-14652 VFP |
| In Re:<br>    Helen Tomaskovic,<br><br>Debtor | Adv. No.:<br><br>Hearing Date: 9/19/19 @ 8:30 a.m.<br><br>Judge: Vincent F. Papalia |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: October 1, 2019**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

**(Page 2)**
Debtor:  Helen Tomaskovic
Case No:  18-14652 VFP
Caption of Order:  ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN
_____

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-FM1, Mortgage Pass-Through Certificates, Series 2006-FM1, holder of a mortgage on real property located at 136 Avondale Avenue, Clifton, NJ. 07013, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Leonard R. Boyer, Esquire, attorney for Debtor, Helen Tomaskovic, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor is to pay the balance of the pre-petition arrears per the proof of claim less the funds already paid by the trustee's office in a lump sum no later than October 15, 2019; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** Secured Creditor can apply those funds to the pre-petition arrears without said application being a violation of the automatic stay;

It is **FURTHER ORDERED, ADJUDGED and DECREED** If said lump sum payment is more than 30 days late, Secured Creditor may obtain an order granting relief from the stay by filing a certification with the court, to which Debtor shall have 14 days to respond;

It is **FURTHER ORDERED, ADJUDGED and DECREED** That any such certification shall be served on the Debtor, Debtor's counsel, and the Chapter 13 trustee along with the proposed order at the time of filing with the Court;

It is **FURTHER ORDERED, ADJUDGED and DECREED** The trustee is not to disburse on the proof of claim;

It is **FURTHER ORDERED, ADJUDGED and DECREED** Upon receipt and application of the funds, Secured Creditor shall amend its claim to reflect the application of said lump sum payment of the pre-petition arrears within 30 days of payment; and

**(Page 3)**
Debtor: James O. Maua
Case No: 15-31183-SLM
Caption of Order: ORDER CURING POST-PETITION ARREARS & RESOLVING MOTION FOR RELIEF FROM STAY
_____

It is **FURTHER ORDERED, ADJUDGED and DECREED** Debtor shall continue to make regular post-petition payments outside of the plan in accordance with the terms of the note, mortgage, and applicable payment change notices;

It is **FURTHER ORDERED, ADJUDGED and DECREED** Secured Creditor's claim will otherwise be treated outside of Debtor's plan and objection to

It is **FURTHER ORDERED, ADJUDGED and DECREED** Secured Creditor's objection is hereby resolved.